IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE M. W., o/b/o DENNIS L. W., § § | | |
| Plaintiff, § § | | |
| V. § | No. 3:19-cv-1548-BN | |
| § | | |
| ANDREW SAUL, Commissioner of § Social Security, § § | | |
| Defendant. § | | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Jane M.W. ("Plaintiff"), on behalf of Dennis L.W. ("Dennis"), deceased, seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

## **Background**

Plaintiff alleges that her husband, Dennis, was disabled as a result of coronary artery heart disease, peripheral artery disease, and diabetes. After his application for disability insurance benefits was denied initially and on reconsideration, Dennis requested a hearing before an administrative law judge ("ALJ"). That hearing was held on July 23, 2018. *See* Dkt. No. 10-1 at 847-894 (Administrative Record ("AR") at 843-890) (Hearing Transcript). At the time of the hearing, Dennis was fifty years old. He was a high school graduate and had past work experience as an aircraft mechanic. Dennis had not engaged in substantial gainful activity since August 15, 2016.

1

In a partially favorable decision, the ALJ found that Dennis became disabled when he had a stroke on August 16, 2017 but that he was not disabled or entitled to disability benefits prior to the disability onset date. *See id*. at 15-28 (AR at 11 - 24) (Decision). Although the medical evidence established that prior to the disability onset date Dennis suffered from coronary artery disease, peripheral artery disease, type two diabetes mellitus, cerebrovascular accident with residual effects, and rheumatoid arthritis, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that, prior to the disability onset date, Dennis had the residual functional capacity to perform a limited range light work but could not return to his past relevant employment. Relying on a vocational expert's testimony, the ALJ found that, prior to the disability onset date, Dennis was capable of working as a cashier, laundry folder and assembler – jobs that exist in significant numbers in the national economy.

Dennis appealed that decision to the Appeals Council. He passed away while the appeal was pending. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff challenges the hearing decision on two general grounds: (1) the ALJ improperly rejected the opinion of Dennis's treating physician and (2) the ALJ failed to evaluate the credibility Plaintiff's testimony.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels remand – the ALJ erred in assigning the opinion of treating physician Dr. Steve Simpson less than controlling weight without conducting the detailed analysis required by Section 404.1527(c).[1]

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Martinez*, 64 F.3d at 175-76 (citing 20 C.F.R. § 404.1527(c)(2)). And "[t]he opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

But "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion" and when good cause is shown. *Id.* at 455. An ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456.

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

20 C.F.R. § 404.1527(c)(2) requires the ALJ to consider specific factors "to assess the weight to be given to the opinion of a treating physician when the ALJ determines that the opinion is not entitled to 'controlling weight.'" *Id.* at 455-456 (internal quotations omitted). Specifically, the ALJ must consider: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *See id.* at 455; 20 C.F.R. § 404.1527(c)(2).

In decisions construing *Newton v. Apfel*, the United States Court of Appeals for the Fifth Circuit has explained that "[t]he *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009). Therefore, where there are competing opinions of examining physicians, the ALJ need not necessarily set forth his analysis of the Section 404.1527(c) factors when declining to give controlling weight to a treating physician. *See id.* at 466-67.

Here, the ALJ rejected Plaintiff's treating physician's opinions without an existing controverting treating or examining opinion. Therefore, pursuant to *Newton*, the ALJ was required to consider each of the Section 404.1527(c) factors prior to rejecting Dr. Simpson's opinions. *See, e.g.*, *Beasley v. Barnhart*, 191 F. App'x 331, 336 (5th Cir. 2006) ("[A]bsent reliable medical evidence from a treating or examining physician controverting [the treating physician's] opinion, an ALJ may reject the

opinion of the treating physician *only* if the ALJ performs a *detailed analysis* of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527[(c)](2)." (quoting *Newton*, 209 F.3d at 453; first emphasis in *Newton*; second emphasis in *Beasley*)).

Dr. Simpson completed a Cardiac Residential Functional Capacity Questionnaire on May 31, 2018. *See* Dkt. No. 10-2 at 1043 - 54 (AR at 2223 – 34). Dr. Simpson noted that Dennis was incapable of performing even low stress jobs; that Dennis could not walk even one block or tolerate environment hazards; and that, with prolonged sitting, Dennis's legs should be elevated to a level close to his heart. Dr. Simpson also noted that Dennis had these limitations as early as August 15, 2016. Dr. Simpson concluded that Dennis could not be placed in any competitive work situation.

The ALJ gave Dr. Simpson's opinion "limited weight" for the time prior to Dennis's stroke on August 16, 2017, when he became disabled, for two reasons. First, the ALJ explained that the determination of whether a claimant can perform competitive work is an issue reserved to the Commissioner. *See* Dkt. No. 10-1 at 25 (AR at 21); *see also* 20 C.F.R. § 404.1527(d). And, second, the ALJ found that some of Dennis's symptoms before the stroke were inconsistent with the degree of limitations in Dr. Simpson's opinion. *See id.*

The United States Court of Appeals for the Fifth Circuit has distinguished between the weight given to a treating physician's medical opinion on the nature and severity of an impairment and his opinion on whether the patient is disabled and

cannot work. *See Miller v. Barnhart,* 211 F. App'x 303, 305 (5th Cir. 2005). An ALJ is not required to justify a decision to give little weight to a physician's opinion that a patient is disabled or unable to work, because those decisions are reserved for the Commissioner. *See id.* (citing *Frank v. Barnhart,* 326 F.3d 618, 620 (5th Cir. 2003)). But a physician's statement is often comprised of multiple opinions that merit varying levels of scrutiny. *See Price v. Astrue*, 572 F. Supp. 2d 703, 711 (N.D. Tex. 2008). And "[t]he ALJ is not permitted to reject all of a treating source's medical opinions simply because the source also opined – even if in a conclusory manner – that the claimant is 'disabled' or 'unable to work.'" *Nalls v. Astrue*, 3:08-CV-0534-D, 2008 WL 5136942, at *5 (N.D. Tex. Dec. 8, 2008).

Here, the ALJ recited, with no further elaboration, that he "considered opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527" as well as other regulations. *Id*. This statement, on its own, is not sufficient to satisfy *Newton. See Nicaragua v. Colvin*, No. 3:12-cv-2109-G-BN, 2013 WL 4647698, at *6 (N.D. Tex. Aug. 29, 2013). And, other than this boilerplate language, the ALJ does not mention, much less perform a detailed analysis of Dr. Simpson's views under the Section 404.1527(c)(2) criteria.

The Court notes that the evidence in the record may well support a finding that Dennis was not disabled before August 16, 2017. But "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton*, 209 F.3d at 455. "Reviewing courts do not consider rationales supporting an ALJ's decision that are not invoked by the ALJ." *Bragg v.*

*Comm'r of Soc. Security*, 567 F. Supp. 2d 893, 907; (N.D. Tex. 2008); *Johnson v. Colvin*, 3:16-cv-69-BN, 2017 WL 86139, at *5 (N.D. Tex. Jan. 10, 2017).

Accordingly, because Dr. Simpson was the only examining physician to opine concerning Dennis's work-related activities, the ALJ erred by rejecting Dr. Simpson's opinion without considering the Section 404.1527 factors.

"[F]ailure to adhere to the procedures proscribed by the Social Security regulations is generally sufficient grounds for reversal and remand of an administrative decision." *Alejandro v. Barnhart*, 291 F. Supp. 2d 497, 515 (S.D. Tex. 2003) (citing *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987)). But a failure does not necessarily dictate a remand for further review. The Court will affirm a decision if the ALJ's error is harmless and if the plaintiff was not prejudiced due to the error. *See id*. A plaintiff establishes prejudice by showing that the ALJ could have reached a different outcome but for the error in question. *See Newton*, 209 F.3d at 458.

Here, the ALJ failed to properly consider Dr. Simpson's opinions, which found disabling work-related limitations. As a result, the error is not harmless because, if the ALJ had given more weight to those opinions, he may have found Dennis disabled before August 16, 2017.

## Conclusion

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: September 28, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE